IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**KENDALL RYAN,**
      **Petitioner,**

**vs.**                                                    **3:09cv399/LAC/MD**

**DEPARTMENT OF HOMELAND**
**SECURITY, et al.**
      **Respondents.**

---

## REPORT AND RECOMMENDATION

This case is before the court upon an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 8). Respondents have filed a response (doc. 12) and petitioner has not filed a reply despite having been afforded the opportunity to do so. (Doc. 13).

**Background**

Petitioner is a native and citizen of Trinidad & Tobago who entered this country on or about August 21, 2001 near New York, New York. He was convicted of several felonies in Broward County Florida on June 11, 2004 and is currently in the custody of the Florida Department of Corrections ("DOC") with a projected release date of approximately February 24, 2011.[1] On October 19, 2004, the U.S.

---

1 http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=115772526

Immigration and Customs Enforcement ("ICE") lodged an immigration detainer with the Florida DOC. (Doc. 12, exh. B).

Petitioner filed the instant habeas petition on September 8, 2009 seeking an order lifting the detainer. He claims that the detainer is improper because it stems from criminal misconduct petitioner committed as a juvenile. Petitioner admits that he has not yet been ordered removed, but seeks a court order putting a stop to future removal proceedings. The respondents have moved to dismiss, asserting that this court lacks subject matter jurisdiction to consider the petition, and also that petitioner's claim must be presented to the Executive Office for Immigration Review ("EOIR") during this removal proceedings under INA § 240, 8 U.S.C. §1229a rather than to the U.S. District Court in a habeas proceeding.

### Jurisdictional Analysis

The Eleventh Circuit has held that the filing of a detainer, standing alone, does not cause a prisoner to come within the custody of the Immigration and Naturalization Service (INS), now the Department of Homeland Security or U.S. Immigration and Customs Enforcement ("DHS" or "ICE"). *Orozco v. INS*, 911 F.2d 539, 541 (11th Cir. 1990); *accord Oguejiofor v. Attorney General*, 277 F.3d 1305, 1308 n. 2 (11th Cir. 2002). This position is in accord with the majority of Circuit Courts. See e.g., *Zolicoffer v. U.S. Dep't of Justice*, 315 F.3d 538, 539 (5th Cir. 2003); *Garcia v. Taylor*, 40 F.3d 299, 303-04 (9th Cir.1994); *Santana v. Chandler*, 961 F.2d 514, 516 (5th Cir.1992); *Prieto v. Gulch*, 913 F.2d 1159, 1162 (6th Cir.1990); *Mohammed v. Sullivan*, 866 F.2d 258, 260 (8th Cir.1989); *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir.1988). See also *Roldan v. Racette*, 984 F.2d 85, 88 (2nd Cir.1993) (reviewing caselaw). The underlying rationale of these courts is that a detainer, as distinguished from other INS/ DHS, BICE orders, does not put a "hold" on the alien. *Orozco;* accord *Galaviz-Medina v. Wooten*, 27 F.3d 487 (10th Cir.1994) (discussing caselaw). Generally, a detainer is viewed as "an informal process advising prison officials that

a prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release."  *Orozco* at 541 n. 2 (citing *United States v. Shahryar*, 719 F.2d 1522, 1524 n. 3 (11th Cir.1983)).  In the immigration context, a detainer usually serves only as a notice to prison authorities that the INS or ICE is going to be making a decision about the deportability of the alien in the future.  *Campillo,* 853 F.2d at 595.  The reasoning follows that the detainer does not serve to establish conclusively either present or future restraints on the prisoner's liberty. *Id.* Because there is no actual claim to the alien following the completion of his criminal sentence, there is no custody.

In 2002, the Eleventh Circuit confirmed its position on "custody" as a result of an INS detainer, stating:

> We reject Petitioner's argument that INS "effectively arrested" Petitioner by INS's issuance of a Notice of Detainer letter on 16 April 1996. See *Orozco v. INS*, 911 F.2d 539, 541 (11th Cir.1990) ("The filing of [a] detainer, standing alone, did not cause [the alien] to come within the custody of the INS."). In a similar way, we cannot conclude that the filing of the detainer letter combined with the fingerprinting of Petitioner brings this case into the purview of *Alanis-Bustamante*, 201 F.3d at 1311 (holding "a removal proceeding has effectively commenced once INS has served the alien with an order to show cause and lodged a warrant of detainer against him'): An important difference exists between the serving of an order to show cause and the fingerprinting of a person.

*Oguejiofor v. Attorney General*, 277 F.3d 1305, 1308 n. 2 (11th Cir. 2002) (discussing *Alanis-Bustamante v. Reno*, 201 F.3d 1303 (11th Cir. 2000)).

Applying the foregoing to the instant case, the court must conclude that petitioner is not "in custody" of the DHS or ICE for purposes of 28 U.S.C. § 2241 simply because ICE has lodged a detainer against him. Petitioner does not contend that the DHS or ICE has served him with an order to show cause or that there is some other reason he should be considered to be in the custody of ICE.

**Conclusion**

Because petitioner is not "in custody" of the DHS or ICE, this court lacks subject matter jurisdiction under 28 U.S.C. § 2241 to address his claim.

Accordingly, it is respectfully RECOMMENDED:

The amended petition for writ of habeas corpus (doc. 8) be dismissed and the clerk be directed to close the file.

At Pensacola, Florida this 8th day of March, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**